# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ROBERT GRAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4815 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging the execution of his 1988 conviction and 27-year sentence for indecency with a child. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for lack of jurisdiction as an unauthorized successive petition.

Petitioner claims in this proceeding that (1) he has been unlawfully and jointly confined under state and federal custody since August 9, 2014; (2) the United States and State of Texas unlawfully interfered with his right to over "90 years" of good time credit for purposes of mandatory supervised release; (3) the federal and state courts improperly reviewed his earlier state habeas cases; and (4) he is entitled to "class action" relief for unlawful joint detentions by the State, the U.S. Attorney General's Office, the Department of Justice, and federal district courts. As habeas relief, petitioner seeks immediate release from state prison with orders for correction of certain records.

Plaintiff raised, or could have raised, these or similar claims in his unsuccessful 2016 section 2254 habeas petition and appeal. *Gray v. Davis*, C.A. No. 16-cv-10 (W.D. Tex. Jan. 26, 2017); *Gray v. Davis*, Appeal No. 17-50118 (5th Cir. Dec. 15, 2017). The primary distinction between the 2016 and the instant petition is that petitioner adds claims against the United States for "joint federal and state custody" based on an unidentified federal funding statute he "discovered" in 2017.[1] Petitioner's pending claims against the State must be dismissed as "claim[s] presented in a second or successive habeas corpus application under Section 2254 that [were] presented in a prior application." 28 U.S.C. § 2244(b)(1). To the extent petitioner is raising new claims challenging the execution of his 1988 conviction and sentence, the claims are successive. Petitioner does not state, and public records for the Fifth Circuit Court of Appeals do not show, that he has obtained authorization from the Fifth Circuit to file a successive habeas challenge to his 1988 conviction or execution of his sentence. Consequently, this Court is without jurisdiction to consider his claims. *See* 28 U.S.C. § 2244(b)(3)(A).

To any extent petitioner's claim of "joint custody" could be construed as a section 2241 habeas claim, petitioner's allegations and public state prison records show that he is in custody of the Texas Department of Criminal Justice pursuant to a state conviction. Neither

---

[1] Petitioner has filed several prior habeas lawsuits challenging his 1988 conviction and execution of his sentence. Many of his pending claims rely on or refer to these prior proceedings or their underlying facts. For simplicity and efficacy, the Court has relied on petitioner's most recent federal habeas proceeding filed in 2016.

petitioner nor available public records show that he currently is in federal custody, and no grounds for section 2241 jurisdiction are shown.

This lawsuit is DISMISSED FOR LACK OF JURISDICTION as an unauthorized successive habeas petition. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on January 23, 2019.

_____
Gray H. Miller
Senior United States District Judge